**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

PCL Construction Services, Inc., a Colorado corporation,

Plaintiff,

v.

Rainforest Cafe, Inc., a Minnesota corporation,

Defendant.

Civil No. 01-1704 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Robert L. DeMay, Esq., and Lowell J. Noteboom, Esq., Leonard Street and Deinard, 150 Fifth Street South, Suite 2300, Minneapolis, MN 55402, appeared on behalf of Plaintiff.

Dean C. Eyler, Esq., and Steven K. Champlin, Esq., Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, MN 55402, appeared on behalf of Defendant.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on January 25, 2002, pursuant to Defendant's Motion to Dismiss or Stay. This matter is a declaratory judgment action in which Plaintiff is seeking a declaration of rights and responsibilities pursuant to a series of contracts for construction services. For the reasons set forth below, Defendant's motion is granted.

## Background

Defendant Rainforest Cafe, Inc. ("Rainforest") owns and operates a national chain of theme restaurants. In approximately 1995, Rainforest decided to undertake a massive program of constructing and remodeling in its sites, nationwide. Plaintiff PCL Construction Services, Inc. ("PCL") agreed to provide construction management services for the projects. Accordingly, PCL

FILED JAN 28 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

and Rainforest entered into separate contracts with respect to each Rainforest Cafe location. The parties used a basic form contract which was modified for each project to specify particular locations, fees, and maximum costs. PCL and Rainforest entered into at least 36 of these contracts.

In April of 2000, Rainforest notified PCL that Rainforest had performed an audit of certain of the completed construction projects and determined that PCL was significantly overcharging Rainforest. Extrapolating from the projects which were audited, and assuming that similar "accounting errors" were made with respect to all completed projects, Rainforest demanded a refund of over $4,000,000 on 35 projects which had, at that time, been completed.

Early in 2001, PCL concluded construction on another Rainforest Cafe location in Anaheim, California. Rainforest refused, and continues to refuse, to pay approximately $675,000 outstanding on what PCL considers to be the contract price. A portion of the amount outstanding is, according to Rainforest, an over-billing resulting from the same sort of "accounting errors" at issue on the 35 project / $4,000,000 claim that Rainforest had made in 2000.

In order to preserve its mechanic's lien rights, on May 31, 2001, PCL commenced a breach of contract and lien foreclosure action against Rainforest and others in the Orange County California Superior Court. That action (hereinafter "the California action") sought damages for breach of a single contract between the parties, specifically the contract pertaining to the Anaheim, California, project.

After a number of stipulated continuances and abortive settlement talks, Rainforest filed its Answer in the California action on September 17, 2001. In its Answer, Rainforest raised a number of affirmative defenses including set-off, PCL's breach of contract, and excuse or

inability to perform. Both the set-off and breach of contract affirmative defenses reference PCL's failure to perform or breach of "general contracts with Defendant[] on *numerous projects* as set forth in the Cross-Complaint" (emphasis added) filed concurrently with the Answer. The Cross-Complaint filed on September 17, however, mentions the other projects and the audit, but seeks compensation only for alleged overcharges pertaining to the Anaheim project.

On September 17, 2001, PCL also filed the Complaint in this action. In the Complaint, PCL seeks a declaration of the relative rights and responsibilities of the parties under the 35 contracts which were the subject of Rainforest's $4,000,000 demand (hereinafter "the Refund Claims").

On October 23, 2001, Rainforest filed its Answer and Counterclaim in this action and an Amended Cross-Complaint in the California action; the two documents are almost identical in the claims alleged and relief sought. Specifically, both seek adjudication of Rainforests Refund Claims.

Rainforest now brings this motion seeking to dismiss or stay this action in favor of resolving all claims between the parties in the California forum. Rainforest does not assert that the California forum is more convenient, only that it is not less so and that the claims in this action and the California action should be resolved in the context of a single lawsuit.

**Discussion**

Although the California action was filed first, the parties agree that, with respect to the dispute about all of the contracts other than that pertaining to the Anaheim project, this action is the first filed. "The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" *Northwest Airlines, Inc. v.*

*American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (quoting *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). However,

> the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. . . . [A] district court is authorized, in the sound exercise of discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-288 (1995) (footnotes omitted) (affirming decision of district court to stay first-filed declaratory judgment action in favor of later-filed state court action).

Here, it makes absolutely no sense for the parties to pursue these claims in two separate courts. PCL asserts that the claims in this action are not integral to the claims in the California action, but they certainly overlap; the Cross-Complaint aside, to the extent that PCL is seeking a declaration of the charges allowable under the contracts–which are form contracts–then the determination in this action will bear directly on the validity of Rainforest's affirmative defenses in the California action.

PCL argues that convenience and equity weigh in favor of this Court retaining jurisdiction over the declaratory judgment action. Specifically, PCL argues that many of the witnesses and documents relating to the Refund Claims are in Minnesota rather than California and that this Court will likely provide a more speedy resolution to these claims. That may be true, but the Court must consider the fact that PCL chose to file its first action in California.[1]

---

[1] Indeed, Rainforest has indicated that it is indifferent between the California and Minnesota fora. Rainforest would be amenable to a restructuring of claims to allow litigation of (continued...)

Granted, PCL did so because California was the only forum in which it could secure a mechanic's lien over the Anaheim Rainforest Cafe and not, in all likelihood, because it particularly favored the California forum. Nevertheless, even if for perfectly innocent legal reasons, PCL chose the California court. Moreover, while there may be added expense associated with trying some of these issues in California rather than Minnesota, the Court cannot fathom that that added expense outweighs the added expense and inconvenience to both parties of pursuing separate actions that cover the exact same ground.

Even if the Court were to employ the standard proposed by PCL, that there must be "compelling circumstances" to justify a break with the first-filed rule, the Court would reach the same conclusion. Two factors which may indicate such compelling circumstances are the proximity in time between the two actions (suggesting a race to the courthouse steps) and the fact that the first-filed action is a declaratory judgment action. *See Northwest Airlines, Inc.*, 989 F.2d at 1007. These two factors, especially taken together, may indicate that the first-filing party was acting in bad faith in an effort to "forum shop." *See id.*

In the instant case, PCL was on notice that Rainforest intended to pursue litigation over the Refund Claims at issue in this action. Rainforest had been demanding a refund from PCL for over a year; Rainforest had unequivocally stated during early-September settlement discussions that it would likely resort to litigation to recover the money it demanded; Rainforest's Answer in the California action clearly stated that Rainforest was asserting a defense based on contracts other than the Anaheim project contract; and, however indirectly and ineffectively, Rainforest's

---

[1](...continued)
all claims in Minnesota rather than California; Rainforest simply does not wish to pursue litigation in *both* places. However, to preserve the mechanic's lien, the California action must be maintained. Thus, if one action is to yield to the other, it must be this one.

Cross-Complaint makes reference to the significance of the "accounting errors" in the other contracts in allocating responsibility with respect to the Anaheim contract. Accordingly, it is disingenuous for PCL to suggest that Rainforest only raised the Refund Claims in the California action as a response to this declaratory judgment action; rather, it seems clear that Rainforest contemplated and intended pursuing litigation, in the context of the pre-existing California action, on the Refund Claims.

While the Court need not make the final step to conclude that PCL was engaging in forum-shopping when it brought this declaratory judgment action hot on the heels of Rainforest stating its intent to raise the same issues in California, the Court notes that it would be inclined to find that "compelling circumstances" exist justifying a stay of this action in favor of the California action. As it is, the Court need not even reach the compelling circumstances issue because the *Wilton* case makes clear that the Court's decision to stay or dismiss a declaratory judgment action is within its sound discretion. Under either standard, then, the result is the same: the Court will defer to the California action.

Although it would be proper for the Court to dismiss this action outright, the Court will instead stay this action pending resolution of the California action. In that way, if the California court leaves certain issues unresolved or if the parties are able to negotiate a way to abandon the California forum in favor of this forum, the file will already be open, and the lawsuit may continue expeditiously.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss or to Stay (Doc. No. 11) is **GRANTED**; and

2. This action is **STAYED** pending resolution of the case entitled PCL Construction Services, Inc. v. Rainforest Cafe, Inc., et al., Case No. 01CC08019, which is pending in the Superior Court of the State of California for the County of Orange.

Dated: January 28, 2002

DONOVAN W. FRANK
Judge of United States District Court